**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Schaeffler Business Information LLC, | No. CV-21-00740-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Live Oak Banking Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Unopposed Motion to Vacate Supplemental Briefing (Doc. 38).[1] As Plaintiff represents the Motion is unopposed, the Court will issue its decision without further briefing.

**I.   Background**

On April 27, 2021, Plaintiff filed its 97-page Complaint. It brings eight Counts against Defendants, and the majority of those are based upon four contractual agreements made between Plaintiff and Defendants. Count One seeks relief from this Court in the form of a declaration that two arbitration agreements are invalid. (Doc. 1 at 56). These arbitration agreements are found in two contracts, an "Independent Contract Service Agreement" and a "Referral Agreement." (Doc. 1-2 at 20, 28). Count Four seeks a declaration that both these agreements were fraudulently induced. (Doc. 1 at 68). Count Eight claims these agreements are unenforceable and brings a claim of unjust enrichment. (*Id.* at 91). Counts Five and Six allege breaches of a "Letter Agreement" and a "Mutual

---

[1] Plaintiff requested an expedited ruling on its Motion. (Doc. 39).

Nondisclosure Agreement," respectively. (*Id.* at 79, 81). Count Seven alleges breach of the Mutual Nondisclosure Agreement's implied covenant of good faith and fair dealing. (*Id.* at 87).

Plaintiff attached all four of the agreements to the Complaint. (Doc. 1-2). Upon the Court's review, it is plain that the Mutual Nondisclosure Agreement, the Independent Contract Service Agreement, and the Referral Agreement all contain choice of law provisions. (Doc. 1-2 at 10, 20, 28). All three provisions state that Colorado law will govern the agreements. (*Id.*) In addition, all three provisions, which Plaintiff attached to its Complaint, are highlighted in yellow. (*Id.*)

On June 8, 2021, Defendants filed a Motion for Dismissal, or in the Alternative, to Stay and Compel Arbitration. (Doc. 21). Defendants argue that this matter should be sent to arbitration pursuant to the arbitration agreements. (*Id.* at 5). Plaintiff filed a Response in opposition. (Doc. 22).

On August 30, 20201, Judge Michael T. Liburdi, to whom this matter was previously assigned, requested supplemental briefs on the following issues:

> 1) Whether Colorado law governs interpretation of the integration clauses in the Independent Contractor Services Agreement and the Referral Agreement. . . . 2) If so, whether, under Colorado law, the Letter Agreement or the Mutual Non-Disclosure Agreement, or both, were effectively substituted by the Independent Contractor Services Agreement or the Referral Agreement, or both.

(Doc. 34). The day after issuing this Order, Judge Liburdi recused himself from this matter pursuant to 28 U.S.C. § 455(a).

On September 8, 2021, this matter was assigned to this Court. (Doc. 37). On September 9, 2021, Plaintiff filed its Motion to Vacate (Doc. 38) the supplemental briefing ordered by Judge Liburdi.

**II.    Motion to Vacate**

Plaintiff makes its Motion under Federal Rule of Civil Procedure 60(b)(6), which states that a court may relieve a party from an order for any reason that justifies relief. Plaintiff claims it would be improper to allow for the briefing because it has been requested

by a Judge who has recused himself from this matter. The Order, as Plaintiff says, "bears the taint of partiality, which undercuts the integrity and reputation of the judicial process, and undermines the public's confidence in that process." (Doc. 38 at 3). Plaintiff also argues that the Order "resolves material, disputed issues of fact and law against Plaintiff in that Judge Liburdi rejects Plaintiff's allegations . . . that the parties' Independent Contractor Services Agreement and Referral Agreement are unenforceable contracts . . . ." (*Id.* at 2). Ultimately Plaintiff requests that the Order (Doc. 34) be vacated and that the Court take a "fresh look at the issues" in the Complaint and the Motion for Dismissal. (*Id.* at 3).

Plaintiff cites *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1987) for a list of factors that, as Plaintiff says, "this Court should consider when determining whether to vacate the Briefing Order for a violation of section 455(a)." (Doc. 38 at 1). *Liljeberg* lists factors that a court should consider to "determine whether a judgment should be vacated for a violation of § 455(a) . . . ." 486 U.S. at 864. The Court notes that Judge Liburdi did not enter judgment or resolve anything. His Order simply requests supplemental briefing. The Court will, however, consider the *Liljeberg* factors as Plaintiff's arguments setting forth justifications for relief. *See* Fed. R. Civ. P. 60(b). The factors are:

> [1] the risk of injustice to the parties in the particular case, [2] the risk that the denial of relief will produce injustice in other cases, and [3] the risk of undermining the public's confidence in the judicial process.

*Liljeberg*, 486 U.S. at 864.

**a. Risk of Injustice to the Parties**

The Court has taken a fresh look at the Complaint and the Motion for Dismissal's briefing. As noted earlier, three of the four agreements detailed and attached to the Complaint contain choice of law provisions that clearly state they are to be governed by Colorado law. (Doc. 1-2 at 10, 20, 28). Despite this, the parties' briefing related to the Motion for Dismissal does not address these provisions at all and, instead, appear to assume that Arizona law governs these agreements. Defendants argue that the Letter Agreement and Mutual Nondisclosure Agreement have been rescinded under Arizona law. (Doc. 21

at 11). Plaintiff argues against this point, also by citing Arizona law. (Doc. 22 at 14). The record, with regards to the issue of whether and how Colorado law applies, is underdeveloped.

Plaintiff claims by asking this question, Judge Liburdi resolved issues of fact and law and thereby prejudiced Plaintiff. Specifically, it argues Judge Liburdi's request for briefing implicitly rejected Plaintiff's allegations and argument that the "Independent Contractor Services Agreement and Referral Agreement are unenforceable contracts," which Plaintiff implies the Court must accept as true at the motion to dismiss stage. (Doc. 38 at 2).

The Court finds that if justice entails the correct application of the law, then there is no injustice in asking whether and how Colorado law is relevant so to ensure the law is applied correctly. Plaintiff and Defendant will have the opportunity to expand their positions and further elaborate what each party believes the correct application of the law may be. Therefore, the parties will suffer no injustice.

In addition, while at the motion to dismiss phase, "all factual allegations set forth in the complaint 'are taken as true and construed in the light most favorable to the plaintiffs,'" *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)), the Court is by no means required to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Under Arizona law, a contract's enforceability is a mixed question of law and fact. *Armiros v. Rohr*, 416 P.3d 864, 869 (Ariz. Ct. App. 2018). Under Colorado law, "[w]hether a contract term is enforceable is a question of law, not fact." *Planned Pethood Plus, Inc. v. KeyCorp, Inc.*, 228 P.3d 262, 264 (Colo. Ct. App. 2010). The Court may need to change its analysis depending upon whether Arizona or Colorado law applies. Supplemental briefing will allow the parties the chance to inform the Court on this issue.

**b. Risk of Injustice in Other Proceedings & Risk of Undermining Public Confidence**

Plaintiff also argues that without vacating the Order, other judges will be less

hesitant to "address substantive matters" in cases prior to recusing. (Doc. 38 at 2). Plaintiff also argues the Order bears "the taint of partiality" which will undermine public confidence in the impartiality of the judicial system. (*Id.* at 3).

The public rightly looks to the courts to say what the law is. *See Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is."). In seeking to understand the role of Colorado law, the Court is only acting pursuant to its duty to say what the law is. No party has addressed this issue, and it appears, given that the Motion to Vacate is unopposed, no party wants to address these provisions. But the parties' hesitancy and Judge Liburdi's recusal does not preclude the Court from pursuing a reasonable line of inquiry such as this.

The Court finds that there is actually a greater risk to other proceedings and the public confidence if the Court were to ignore the role that Colorado law may or may not have in this matter. Plaintiff has presented a Complaint, sounding in contract, and attached thereto are three choice of law provisions, highlighted in yellow, that unequivocally state the agreements are governed by Colorado law. The parties nonetheless encourage the Court to apply Arizona law. To turn a blind eye to so obvious an issue would be a dereliction of the Court's duty to understand and say what the applicable law is in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Expedited Ruling (Doc. 39) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate (Doc. 38) is **denied**.

…

…

…

…

…

**IT IS FURTHER ORDERED** that the Court will extend the deadline for the supplemental briefing. The parties shall have until <u>September 24, 2021,</u> to comply the previous Order (Doc. 34).

Dated this 14th day of September, 2021.

Honorable Diane J. Humetewa
United States District Judge