**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Schaeffler Business Information LLC, | No. CV-21-00740-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Live Oak Banking Company, *et al.*, | |
| Defendants. | |

At issue is the Second Joint Status Report (Doc. 52) filed by Defendants.

When the Court granted the Motion (Doc. 48) by Plaintiff's former counsel to withdraw from representation of Plaintiff, it ordered Plaintiff—which as an LLC may not appear *pro se* in federal court, *see*, *e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007)—to retain counsel and for that counsel to file a notice of appearance by November 1, 2022. (Doc. 49.) Plaintiff failed to comply with the Court's Order or respond in any way, and Plaintiff remains unrepresented in this case.

After Defendants filed the first Status Report (without Plaintiff's participation) (Doc. 50), the Court ordered the parties to jointly file the next Status Report by February 6, 2023 (Doc. 51). Defendants timely complied but stated they were again unable to secure the participation of Plaintiff, who has retained counsel solely for the purpose of arbitration in Colorado. (Doc. 52.) Plaintiff has failed to meet its obligations in this lawsuit by

(1) failing to retain counsel as ordered by the Court, and (2) declining to participate in the Joint Status Reports.

Defendants also argue that Plaintiff has failed to meet its obligation to pursue arbitration of its claims. (Doc. 52.) The Court notes that it ordered arbitration of not just Plaintiff's claims arising out of the Referral Agreement ("RA"), but also out of the Independent Contractor Service Agreement ("ICSA")—collectively, Counts 1–4 and 6–8. (*See* Doc. 47.) Only Count 5, arising out of the Letter Agreement, remains before this Court, and the Court stayed that claim pending the results of the arbitration. Based on Plaintiff's apparent failure to pursue arbitration of Counts 1–4 and 6–8 as compelled by the Court's Order, the RA, and the ICSA, Defendants now request dismissal of those claims. (Doc. 52.)

The Court will give Plaintiff an opportunity to show cause why *all* of Plaintiff's claims should not be dismissed based on its failure to prosecute and meet its obligations in this lawsuit, including (1) the failure to retain counsel in this lawsuit, as ordered by the Court (Doc. 49), and failure to participate in two Court-ordered Joint Status Reports (Docs. 47 at 7, 51); and (2) the failure to pursue arbitration of Counts 1–4 and 6–8, as compelled by the Court's Order (Doc. 47), the RA, and the ICSA. The Court will give Plaintiff 21 days from the date of this Order to file a Response so that it has time to retain counsel admitted to practice in this Court to appear on Plaintiff's behalf. Failure of Plaintiff (by way of admitted counsel) to timely file a Response will result in dismissal of all of Plaintiff's claims with prejudice.

**IT IS HEREBY ORDERED** that, within 21 days of the date of this Order, Plaintiff (through admitted counsel) shall show cause why all of Plaintiff's claims should not be dismissed based on its failure to prosecute and meet its obligations in this lawsuit.

Dated this 24th day of March, 2023.

_____
Honorable John J. Tuchi
United States District Judge

- 2 -